UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN WARREN,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                  Case No. 1:11 CV 200

XLIBRIS CORP.,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss. (Dkt. #11). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this matter **terminated**.

## BACKGROUND

The following allegations are contained in Plaintiff's Amended Complaint. (Dkt. #7). In 2000, Plaintiff submitted to Defendant Xlibris a "Publishing Agreement and Manuscript titled, Through My Eye's: Helping Tomorrow's Men and Women Cope with the struggles of today through Jesus Christ." Plaintiff submitted his manuscript to Xlibris "under a joint venture to make the Defendant Xlibris a profit." Defendant Xlibris subsequently contacted "Bowkers ISBN Agency" which assigned

an ISBN number[1] to Plaintiff's manuscript. Sometime later that year, Plaintiff "converted his religious faith to Buddhism and opted out of publishing his manuscript."

On June 6, 2010, while reading a publication titled "Books in Print," Plaintiff observed an entry therein indicating that the manuscript he submitted to Xlibris in 2000 was listed as available through Xlibris. On or about October 23, 2010, Plaintiff contacted Xlibris to complain about their failure to "terminate" his manuscript. On November 17, 2010, a representative of Xlibris authored a letter to Plaintiff which, in part, stated that:

> As of this writing, the listing for your title and its previously assigned ISBNs have been appropriately updated as cancelled from Books in Print and we have confirmed that it is not active in any of our partner channels. Please be assured that your manuscript was never processed for publication or released for sale by Xlibris at any point.

Plaintiff initiated this action against Xlibris alleging that Defendant's conduct violated the Michigan Consumer Protection Act as well as Plaintiff's First Amendment right to freely exercise his religion. Plaintiff seeks two hundred fifty million dollars ($250,000,000.00) in damages. Defendant Xlibris now moves to dismiss Plaintiff's complaint. Plaintiff has not responded to Defendant's motion.

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

---

[1] An ISBN (International Standard Book Number) is a 13-digit number that uniquely identifies books and book-like products, such as audiobooks. *See* What is an ISBN?, available at http://www.isbn.org/standards/home/about/faqs_main.html (last visited on December 5, 2011).

As the Supreme Court recently stated, a motion to dismiss will be denied only where the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief."

*Id.* at 1949-50 (internal citations omitted).

When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided such are referenced in the complaint

and central to the claims therein. *See Bassett v. National Collegiate Athletic Assoc.*, 528 F.3d 426, 430 (6th Cir. 2008); *see also*, *Continental Identification Products, Inc. v. EnterMarket, Corp.*, 2008 WL 51610 at *1, n.1 (W.D. Mich., Jan. 2, 2008) ("an exhibit to a pleading is considered part of the pleading" and "the Court may properly consider the exhibits. . .in determining whether the complaint fail[s] to state a claim upon which relief may be granted without converting the motion to a Rule 56 motion"); *Stringfield v. Graham*, 212 Fed. Appx. 530, 535 (6th Cir. 2007) (documents "attached to and cited by" the complaint are "considered parts thereof under Federal Rule of Civil Procedure 10(c)").

## ANALYSIS

**I.       Michigan Consumer Protection Act (MCPA)**

The Michigan Consumer Protection Act (MCPA) makes unlawful "unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or commerce." Mich. Comp. Laws § 445.903(1). Plaintiff asserts that Defendant violated the provision of the MCPA which prohibits:

> Failing, in a consumer transaction that is rescinded, canceled, or otherwise terminated in accordance with the terms of an agreement, advertisement, representation, or provision of law, to promptly restore to the person or persons entitled to it a deposit, down payment, or other payment, or in the case of property traded in but not available, the greater of the agreed value or the fair market value of the property, or to cancel within a specified time or an otherwise reasonable time an acquired security interest.

Mich. Comp. Laws § 445.903(1)(u).

While Plaintiff alleges that he canceled or rescinded his agreement with Xlibris, he has not alleged that he paid a deposit, down payment, or other consideration to Xlibris. Moreover, while Plaintiff states the legal conclusion that Xlibris acquired a security interest in Plaintiff's manuscript, he

has failed to allege any facts which could establish such. A security interest is generally defined as "an interest in personal property or fixtures which secures payment or performance of an obligation." *Mortgage Electronic Registration Systems, Inc. v. Pickrell*, 721 N.W.2D (Mich. Ct. App. 2006). As the information attached to Plaintiff's complaint makes clear, Plaintiff retained "total ownership of the rights to [his] work." (Dkt. #7, Exhibit B). Furthermore, even if it is assumed that Xlibris acquired "an interest in" Plaintiff's manuscript, Plaintiff has failed to allege facts which would establish that such was for the purpose of "secur[ing] payment or performance of an obligation."

In sum, while Plaintiff's Amended Complaint is replete with legal conclusions, with respect to this particular claim, Plaintiff has failed to allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Accordingly, the undersigned recommends that Plaintiff's MCPA claim be dismissed for failure to state a claim on which relief may be granted.

## II.     First Amendment

Plaintiff also claims that Defendant's conduct infringed upon his First Amendment right to freely exercise his religion. Plaintiff's theory is that through the "continual listing" by Defendant of Plaintiff's manuscript, Defendant "forced" Plaintiff "to be put before the world" as "promoting Jesus Christ totally against [his] religious beliefs." Plaintiff asserts this claim under 42 U.S.C. § 1983. A section 1983 claim such as this, however, can only be asserted against a person or entity "acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010). While Plaintiff asserts the legal conclusion that Defendant was a state actor, he has failed to allege any facts which would establish such. To the contrary, Plaintiff asserts that Xlibris is a "Private Corporation." The undersigned, therefore,

recommends that Plaintiff's First Amendment claim be dismissed for failure to state a claim on which relief may be granted.

**III.     Statute of Limitations**

Defendant also asserts, in the alternative, that Plaintiff's claim must be dismissed for failure to comply with the relevant statute of limitations.

     A.     Michigan Consumer Protection Act

The Michigan Consumer Protection Act provides that an action thereunder "shall not be brought more than 6 years after the occurrence of the method, act, or practice which is the subject of the action." Mich. Comp. Laws § 445.911(7).  Plaintiff's MCPA claim is based on his allegation that in 2000, Xlibris failed to comply with his request to not publish his manuscript.  Plaintiff does not allege that he was in any way prevented from learning of the actions giving to this claim when they occurred in the year 2000.  To the contrary, Plaintiff could easily, through the exercise of due diligence, have learned of the actions giving rise to this claim within weeks or months of their occurrence.  Thus, Plaintiff's MCPA claim, originally filed in state court in December 2010, is untimely.  Accordingly, the undersigned recommends that Plaintiff's MCPA claim, in the alternative, be dismissed for failure to comply with the statute of limitations.

     B.     Section 1983

Section § 1983 itself contains no statute of limitations.  *See, e.g., Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009).  In such a circumstance, the Court must borrow the statute of limitations

of the most analogous state law cause of action. *Id.* (because "Congress has failed to legislate a statute of limitations for § 1983 claims," the Court must "borrow and apply to all § 1983 claims the one most analogous state statute of limitations"). The Supreme Court has held that "[b]ecause § 1983 claims are best characterized as personal injury actions. . .a State's personal injury statute of limitations should be applied to all § 1983 claims." *Owens v. Okure*, 488 U.S. 235, 240-41 (1989). Where the relevant state law provides multiple statutes of limitation for personal injury actions, courts are to apply the "general or residual statute for personal injury actions." *Okure*, 488 U.S. at 249-50; *Bonner*, 564 F.3d at 430. Michigan law articulates multiple statutes of limitation applicable to personal injury actions. *See* Mich. Comp. Laws § 600.5805. Accordingly, the limitations period applicable in the present action is three years, as articulated in Mich. Comp. Laws § 600.5805(10). *See Hardin v. Straub*, 490 U.S. 536, 540 (1989); *Jones v. City of Hamtramck*, 905 F.2d 908, 909 (6th Cir. 1990); *Jones v. City of Allen Park*, 167 Fed. Appx. 398, 407 (6th Cir., Jan. 3, 2006).[2]

While the Court looks to state law to identify the applicable statute of limitations, federal law must be applied when determining when the relevant limitations period begins to run. *See Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003); *Hebron v. Shelby County Government*, 406 Fed. Appx. 28, 30 (6th Cir., Dec. 22, 2010). Under federal law, the statute of limitations begins to run "when plaintiffs knew or should have known of the injury which forms the basis of their claims." *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001); *Ohio Midland, Inc. v. Ohio Dept. of Transp.*, 286 Fed. Appx. 905, 911 (6th Cir., July 1, 2008). A plaintiff has reason to know of his injury when he "should have discovered it through the exercise of reasonable diligence." *Dotson v. Lane*, 360 Fed. Appx. 617, 619 n.2 (6th Cir., Jan. 5, 2010) (quoting *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir. 1984)).

---

[2] The *Hardin* and *City of Hamtramck* courts identified the relevant provision as Mich. Comp. Laws § 600.5805(8). This particular provision is presently codified at Mich. Comp. Laws § 600.5805(10).

Again, Plaintiff has failed to allege that he was in any way prevented from learning of the actions giving to this claim when they occurred in the year 2000. Plaintiff could easily, through the exercise of due diligence, have learned of the actions giving rise to this claim shortly after their occurrence. Thus, Plaintiff's First Amendment claim, originally filed in state court in December 2010, is untimely. Accordingly, the undersigned recommends that Plaintiff's First Amendment claim, in the alternative, be dismissed for failure to comply with the statute of limitations.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (dkt.#11), be **granted** and this matter terminated.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: January 6, 2012                     /s/ Ellen S. Carmody
                                          ELLEN S. CARMODY
                                          United States Magistrate Judge